

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4694
Re: Whether the ownership of
majority of stock in one
corporation by same per-
sons who control majority
of stock in another cor-
poration by virtue of owner-
ship and by trust agreement
constitute such corpora-
tions a single chain under
Article 1111d, V. P. C., and
a related question.

Your letter of June 30, 1942, together with supple-
ments thereto and file submitted therewith presents two ques-
tions for the opinion of this department. We take the liberty
of re-stating your questions as follows:

1. Where corporation A, the majority of whose
stock is owned by X and Y, operates stores which
are subject to the Chain Store Tax, and corporation
B, in which X owns 37% of the stock, and in which
Y controls 36% of the stock as trustee under an
irrevocable trust, also operates stores subject to
the chain store tax law, are the stores of the two
corporations subject to the tax as a single chain?

2. Where X owns two stores, and corporation
A and corporation B each own one store subject to
the chain store tax, and X has control of both A
and B corporations by virtue of a power of attorney
to control the majority of the stock in each cor-
poration, should the four stores be taxed as a
single chain?

In our Opinion No. 0-2764, we held that where the
same group of persons who controlled the stores of a partner-
ship also, by majority stock ownership, controlled the stores

Honorable George X. Sheppard, page 2


of a corporation, the stores of the partnership and those of the corporation are taxable as a single chain. We predicated that opinion upon the holding of the court in the case of H. E. Butt Grocery Co. v. State, 137 S. W. (2d) 823 (writ of error refused). The holding in that case has been re-affirmed in the case of Safeway Stores, Inc. v. State, 158 S. W. (2d) 319 (writ of error refused), and in Central Power & Light Co. v. State, not yet reported.

Section 6 of Article 1111-d, V. P. C., the Chain Store Tax Law, reads as follows:

"The provisions of this Act shall be construed to apply to every person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, which is controlled or held with others by majority stock ownership or ultimately controlled or directed by one management or association of ultimate management."

With reference to this section the court in the Butt case, supra, said:

"Sec. 6 was manifestly intended to prevent large chains of stores, which receive the benefits from such system . . . ., from circumventing the tax burdens imposed under the Act, by organizing separate corporations to operate them, the capital stock of which, or a majority of it, being owned by a parent corporation or holding company, or by an individual or association of individuals. Thus through a common management or control over a number of individual units or corporations the clear purpose of the law would be defeated."

While, in neither of the two fact situations presented by you, does the same individual or group of individuals own the majority interest in two corporations, yet in each of such fact situations the same individuals have the ultimate control and management of all the stores involved. On the one hand two individuals own a majority of the stock in one corporation, and the same two individuals control the majority of stock in the other by virtue of ownership of one and an irrevocable trust in which the other is trustee with absolute

Honorable George K. Sheppard, page 3

power to manage and control the stock as trustee. On the other hand one individual is sole owner of two stores and controls two other stores by virtue of a power of attorney giving him such authority. There is no difference in principle, in either of these cases, from the Butt case. The control and management in each case, is just as effective, and just as unequivocal as if the control were accomplished by means of majority stock ownership, and we think it is just as effectively covered by the statute. It follows that, in each of the fact situations presented by you the stores are taxable as a single chain and that each of your questions must be answered in the affirmative.

Trusting that we have fully answered your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Fowler Roberts*

Fowler Roberts
Assistant

FR:db

APPROVED NOV 23, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS